**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 25 CR 636 |
| | ) | |
| **MARIMAR MARTINEZ** and | ) | |
| **ANTHONY IAN SANTOS RUIZ** | ) | |
| | ) | |

**AMERICAN BROADCASTING COMPANIES, INC., WASHINGTON POST COMPANY d/b/a THE WASHINGTON POST, CHICAGO TRIBUNE COMPANY, THE CHICAGO SUN-TIMES MEDIA, INC, AND WBEZ'S EMERGENCY MOTION FOR LEAVE TO INTERVENE FOR THE PURPOSES OF MODIFYING THE PROTECTIVE ORDER AND GAINING IMMEDIATE ACCESS TO EVIDENCE INCLUDING VIDEO <u>FOOTAGE AND PHOTOGRAPHS</u>**

Proposed Intervenors, American Broadcasting Companies, Inc., Washington Post Company, Chicago Tribune Company, Chicago Sun-Times Media, Inc, and WBEZ (collectively, the "Media Parties"), by their counsel, move for leave to intervene in this matter on an emergency basis for the purposes of modifying the protective order and for immediate access to video footage, photographs, and all other evidence relied on by the Court. In support of their emergency motion, the Media Parties state:

On November 20, 2025, this Court granted the government's motion to dismiss the case against Defendants Martinez and Ruiz who were indicted for impeding, intimidating, and interfering with federal agents. (Dkt. No. 22). The affidavit in support of the government's complaint—submitted to support the government's request that the Magistrate Judge sign the complaint—discusses at length video and photographic evidence of the defendants' altercation with agents and the subsequent shooting of Martinez five times (Dkt. No 1). Moreover, these materials were also the subject of extensive argument by counsel and testimony in an evidentiary hearing conducted by the Court.

Permitting members of the media to intervene on matters affecting a right of access to judicial records is commonplace. Moreover, courts in the Seventh Circuit hold that there is a strong presumption of access to court materials grounded both in the First Amendment and in the common law. However, a Protective Order was put in place in this matter on October 7, 2025 that prevents the parties from making these records public. (Dkt. No. 20). Proposed Intervenors respectfully maintain that the Court should consider the motion on an emergency basis because the Protective Order allows for the destruction of case materials "[u]pon conclusion of all stages of this case." *Id.* ¶ 6. When the press moves to intervene, it is entitled to be heard in a timely manner that gives full protection of the right to access. *In re AP*, 162 F.3d 503, 508 (7th Cir. 1998). As of November 20, 2025, this case has been dismissed and, according to the Protective Order, the parties can dispose of the materials. If the records the Media Parties are seeking are destroyed before this motion is considered, the right of access will not be protected.

In further support of their arguments, the Media Parties are filing a memorandum contemporaneously with this Motion.

Dated: November 21, 2025

Respectfully submitted,

**AMERICAN BROADCASTING COMPANIES, INC., WASHINGTON POST COMPANY d/b/a THE WASHINGTON POST, CHICAGO TRIBUNE COMPANY, THE CHICAGO SUN-TIMES MEDIA, INC., AND WBEZ**

By: /s/ Steven P. Mandell

One of their attorneys

Steven P. Mandell (ARDC #6183729)
smandell@mandellpc.com
Brian D. Saucier (ARDC #6226006)
bsaucier@mandellpc.com
Julia P. Dacy (ARDC #6351557)

jdacy@mandellpc.com
MANDELL P.C.
One North Franklin, Suite 900
Chicago, IL 60606
(312) 801-6337

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a copy of the foregoing document has been served on November 21, 2025 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

/s/ Steven P. Mandell